**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | **No. 6:18-cr-35-REW** |
| ) | |
| v. ) | **and 6:24-cv-136-REW** |
| ) | |
| BOBBY DEWAYNE SIZEMORE, ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

Defendant/Movant Bobby DeWayne Sizemore ("Sizemore") filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on October 19, 2021. [DE 91]. Following a screening of the petition per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court required that Sizemore address the timeliness of his motion. [DE 93]. Sizemore did not respond. Upon further review, the undersigned recommends the Court dismiss the petition.

**I.    FACTUAL BACKGROUND**

On June 28, 2018, Sizemore was charged by a jury with one count for conspiracy to distribute 500 grams or more of methamphetamine and another count for possession of a firearm by a prohibited person. [DE 1]. Sizemore pleaded guilty to the drug charge per a plea agreement on December 13, 2018. [DE 61]. The firearm charge was dismissed at sentencing. [DE 78]. The Court sentenced Sizemore to 215 months imprisonment with five years of supervision to follow. [DE 81]. The

1

Judgment was entered on March 21, 2019. [DE 81]. Sizemore did not appeal the action or take any further steps in his case.

On September 24, 2024, Sizemore filed the current petition for habeas relief. [DE 91]. The petition was signed by Sizemore on September 18, 2024. [DE 91, Page ID# 330]. His petition alleges four claims for ineffective assistance of counsel, including his counsel's failure to have Sizemore evaluated for a learning disability or inability to read and write, failure to discuss alternative defenses, and failure to permit Sizemore to proceed to trial as he wished.[1] [DE 91].

## II. ANALYSIS

Section 2255 provides "[a] 1-year period of limitation" for filing petitions. This one-year period runs from "the latest of" four specified events: (1) the date the judgment of conviction becomes final; (2) the date the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). When a prisoner seeks review

---

[1] Sizemore describes his final claim as ineffective assistance of counsel "to argue 'actual innocence'." [DE 91, Page ID# 326]. However, Sizemore does not claim actual innocence but merely asserts that he was willing to go to trial to challenge the possession element of his firearm charge and permit a jury to determine his innocence.

2

from a circuit court, his conviction becomes final when the time for filing a petition for writ of certiorari before the Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

In his petition, Sizemore never addresses timeliness. None of his claims suggest that the grounds for delay articulated in § 2255(f)(2-4) would apply. Thus, the Court is left with determining whether Sizemore filed his petition one year after his judgment became final under § 2255(f)(1). Sizemore's judgment was entered on March 21, 2019. [DE 81]. Sizemore had fourteen days, per FED. R. APP. 4, to appeal the judgment. Consequently, Sizemore's time for filing a habeas petition began April 4, 2019, and ran through April 4, 2020. When Sizemore endorsed his petition on September 18, 2024, he was more than four years beyond his one-year statute of limitations.

Because § 2255's statute of limitations is non-jurisdictional, equitable tolling of the limitations period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine must be "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates *both* that "he has pursued his rights diligently" *and* that "some extraordinary circumstance prevented timely filing." *Id.* The Court evaluates an

equitable tolling request under this two-part framework. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011).

Sizemore presents no facts to warrant equitable tolling. Namely, Sizemore fails to set forth any facts to show that he was pursuing his rights diligently. He does not provide the Court with any efforts he made to pursue his case between the time of his judgment and the filing of this petition. Movant's failure to establish that he has been pursuing his rights diligently is reason enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11–CV–448, 2012 WL 1658877, at *5 (S.D. Ohio May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

Looking past that failing and turning to extraordinary circumstances, Sizemore has presented no facts in this regard either. Sizemore makes no mention of any reason or basis that would have prevented his filing during his one-year limitations period.

In the end, Sizemore's petition is untimely. And Sizemore has failed to provide any facts and/or arguments to the Court that he is entitled to equitable tolling. Thus, the undersigned recommends the Court deny the § 2255 petition and dismiss the action.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484

4

(2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Reasonable jurists could not debate the procedural timeliness result in this case, should the District Judge adopt it. The docket progression confirms that § 2255(f)(1) provides the applicable limitations period commencement date. Moreover, the same progression establishes that Sizemore's petition was more than four years too late. Nor has Sizemore met his burden of demonstrating tolling when he failed to respond to the Court's invitation for him to do so. A certificate of appealability may not issue because this result is not reasonably debatable.

The Court recommends denial of a certificate of appealability concerning the procedural denial of Sizemore's § 2255 motion [DE 91].

## IV. CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS**:

5

1)      The District Court **DENY**, with prejudice, Sizemore's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 91]; and

2)      The District Court **DENY** a certificate of appealability as to all issues, should the movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

Entered this the 22nd day of November, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY