UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>BOBBY DEWAYNE SIZEMORE, )<br>)<br>Defendant/Petitioner. ) | No. 6:18-CR-35-REW-MAS-2<br>No. 6:24-CV-136-REW-MAS<br><br>ORDER DENYING § 2255 MOTION |

*** *** *** ***

Defendant/Petitioner Bobby DeWayne Sizemore filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* DE 91 (Motion). The Court sentenced Sizemore in March 2019 to 275 months' imprisonment for his role in a meth conspiracy and for being a felon in possession of a firearm. *See* DE 81 (Judgment) (Count 1 at 215 months plus Count 3, consecutively, at 60 months).[1] In the petition, Sizemore raises four ineffective assistance of counsel claims.[2] On September 25, 2024, United States Magistrate Judge Matthew A. Stinnett, on referral, completed an initial review of DE 91 and found that the petition appeared to be time-barred. *See* DE 93 (Order). Accordingly, the Court instructed the United States to temporarily refrain from filing a substantive response and ordered Sizemore instead to show cause within thirty (30) days why the Court should not dismiss his petition. *See id.* Sizemore did not respond.

On November 22, 2024, Judge Stinnett issued a Report & Recommendation, ultimately recommending that the Court dismiss the petition as untimely. *See generally* DE 94 (Report &

---

[1] Judge Stinnett noted dismissal of Count 2 but failed to reference the Count 3 conviction and consecutive term. This is inconsequential to the recommendation to dismiss.
[2] Specifically, he alleges that counsel failed to (1) have Sizemore evaluated for a learning disability and/or inability to read and write, (2) discuss alternative defenses, (3) permit Sizemore to proceed to trial, and (4) argue Sizemore's "actual innocence." *See* DE 91.

1

Recommendation). The Report & Recommendation further counseled against the issuance of a certificate of appealability (COA). *See id.* at 4–5. Judge Stinnett conducted a thorough analysis, assessing the full pertinent record and invoking the proper legal standards and apt case law. He informed Sizemore of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *See id.* at 6. Judge Stinnett warned Sizemore that failure to properly and timely object would cause him to lose the right to further appeal or review. *See id.* The deadline has now passed without objection from any party.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a [party] does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Civ. P. 72(b)(3) (limiting de novo review duty to "any part of the magistrate judge's disposition that has been properly objected to"); 28 U.S.C. § 636(b)(1) (requiring de novo review only as to "those portions" of the recommendation "to which objection is made").

The Court has considered the Report & Recommendation, as well as the entire record and relevant authority, and agrees with Judge Stinnett's careful analysis and conclusions. First, Judge Stinnett explained that 28 U.S.C. § 2255 provides a "1-year period of limitation" for filing a

petition.  *See* DE 94 at 2.  Sizemore's one-year period began on April 4, 2019 (fourteen days after the entry of his final judgment, unappealed) and ran through April 4, 2020.  *See id.* at 2–3.  Sizemore did not endorse his petition until September 18, 2024—more than four years beyond the statute of limitations.  *See id.* at 3; DE 91 at 12.  Thus, Judge Stinnett properly concluded that the petition is untimely.

Judge Stinnett next addressed whether equitable tolling should apply.  *See* DE 94 at 3–4.  Equitable tolling is only available if the petitioner can demonstrate that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance prevented timely filing.  *See id.* at 3 (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).  Judge Stinnet correctly found that Sizemore has not satisfied (or even in any way addressed) either of these required prongs.  Sizemore did not address timeliness in his petition and has not made an appearance in the record since filing DE 91 on September 24, 2024.  Judge Stinnett gave him notice of the issue and a chance to make the case, which Sizemore eschewed.  As a result, there is no indication that Sizemore has diligently pursued the case over the last four years, or that some extraordinary circumstance prevented him from filing within the one-year period of limitation.  *See id.* at 4.  Thus, Judge Stinnett correctly recommended denial of the § 2255 petition and dismissal of the action.  Because his claim for relief fails, and because, procedurally, Sizemore made no objection to Judge Stinnett's proper resolution, the Court must deny Sizemore's motion.

Judge Stinnett also recommended that no COA issue.  *See id.* at 4–5.  A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the Court "denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether . . . the district court was

3

correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Judge Stinnet found that "[r]easonable jurists could not debate the procedural timeliness result in this case[.]" DE 94 at 5. The Court concurs. Sizemore filed his petition more than four years after the expiration of his period of limitation, and he has provided the Court with no explanation, sufficient or otherwise, for this delay, despite being given ample opportunity to do so. Judge Stinnett's procedural ruling is not reasonably debatable, and the Court therefore denies issuance of a COA.

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 94 and **DENIES** DE 91.

2. The Court, in making this final order, further **DENIES** the issuance of a COA.

This the 13th day of December, 2024.

Signed By:
Robert E. Wier
United States District Judge